## Shields, Appellant, *v.* Merchants' & Miners' Transportation Company.

*Negligence—Ships—Elevator—Contributory negligence—Master and servant.*

In an action against a steamship company to recover damages for the death of a boy eighteen years old, a nonsuit is properly entered where it appears that the deceased had been employed on one of the defendant's vessels for three months, running the engine which furnished power for a freight elevator, and was familiar with the latter's operation; and that, having gone into the hold for some reason after being relieved from duty, in attempting to get on the elevator when he knew the signal to start had been given and after it was in motion he fell across it and was caught between it and the deck; there being evidence that the elevator moved "very fast," but nothing to show any jerk or unusual movement, or that it was not run in the usual way, or that the manner in which it was run caused the accident.

Argued Jan. 11, 1911.   Appeal, No. 325, Jan. T., 1910, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept.

Term, 1907, No. 5,957, refusing to take off nonsuit in case of Mary Shields v. Merchants' & Miners' Transportation Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before KINSEY, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*Samuel J. Randall* and *Matthew Randall,* for appellant.

*Charles Biddle,* with him *Biddle, Paul & Jayne,* for appellee.

PER CURIAM, March 20, 1911:

This action was to recover for the death of a minor child, eighteen years of age, who was employed on one of the defendant's vessels. After the deceased was relieved from duty on the deck of the vessel, he went, for some reason unexplained, to the hold, and in order to return to the deck, he attempted to get on a freight elevator that was starting upward. He fell across it and the upper part of his body, which was on the floor of the elevator, was caught between it and the deck. He had been employed on the vessel three months, and ran the engine that furnished power for the elevator, and was familiar with the mode of operating the elevator. The negligence alleged was that the elevator was operated "in a violent and careless manner." In support of this allegation the only proof was that the elevator was moved "very fast." There was no evidence of a jerk or unusual movement or that the elevator was not run in the usual way, or that the manner in which it was run caused the accident, and it was clear from the appellant's testimony that her son knew the

signal to start had been given and attempted to step on the elevator when it was in motion.

The nonsuit was properly entered and the judgment is affirmed.